**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
Olivia J. Quinto
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

15 CV 1181

JUDGE RAMOS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FEB 1 2015
U.S.D.C. S.D.N.Y.

| | |
|---|---|
| **IOLANDA RODRIGUEZ, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CMSG Restaurant Group, LLC d/b/a LARRY FLYNT'S HUSTLER CLUB, ANTHONY F. GRANT, MICHAEL A. GRANT, JOSEPH A. SULLO AND JASON MOHNEY**<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Iolanda Rodriguez ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This case is about the workplace rights of entertainers (dancers) at Larry Flynt's Hustler Club ("Hustler"), an adult club located at 641 West 51st Street, New York, New York 10019.

2. Adult entertainers in New York City, including Plaintiff and her former co-workers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet,

*Naked Feminism: The Unionization of the Adult Entertainment Industry*, 7 Am. U. J. Gender Soc. Pol'y & L. 465, 466 (1999); *see also* Margot Rutman, *Symposium: Exotic Dancers Employment Law Regulations*, 9 Temp. Pol. & Civ. Rts. L. Rev. 515, 527-28 (Spring 1999); Carrie Benson Fischer, *Employee Rights in Sex Work: The Struggle for Dancers' Rights as Employees*, 14 L. & Ineq. J. 521 (June 1996).

3. Accordingly, adult clubs such as Hustler are well-positioned to take advantage of entertainers and deny them basic workplace rights.

4. Over the years, entertainers at adult clubs like Hustler have made some strides by winning recognition as employees and otherwise protecting their workplace rights, including in cases prosecuted by the United States Department of Labor. *See, e.g., Reich v. Circle C Invs.*, 998 F.2d 324, 326-29 (5th Cir. 1993) (upholding trial court's determination that adult club dancers are employees within the meaning of the Fair Labor Standards Act); *Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 953-54 (2014) (reversing grant of summary judgment for defendant and holding that entertainers are employees under Nevada wage law); *In re Penthouse Executive Club Comp. Litig.*, No. 10 Civ. 1145, 2013 WL 1828598, at *3-5 (S.D.N.Y. Apr. 30, 2013) (conditionally certifying Rule 23 settlement class of entertainers at New York City adult night club and authorizing the distribution of settlement notice to class members); *Diaz v. Scores Holding Co.*, No. 07 Civ. 8718, 2008 WL 7863502, at *4-5 (S.D.N.Y. May 9, 2008) (conditionally certifying Fair Labor Standards Act collective of entertainers and other workers at New York City adult night club and authorizing notice to putative members of the collective); *Whiting v. W & R Corp.*, No. 03 Civ. 509, 2005 WL 1027467, at *3 (S.D. W. Va. Apr. 19, 2005) (denying defendant's motion for summary judgment in wage and hour case brought by dancer at exotic dance club); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1347-54 (M.D. Fla.

1997) (holding that dancer at adult night club was employee for purposes of the Fair Labor Standards Act); *Reich v. Priba Corp.*, 890 F.Supp. 586, 594 (N.D. Tex. 1995) (after bench trial, finding dancers at adult night club were employees for purposes of the Fair Labor Standards Act in case brought by the Department of Labor); *Donovan v. Tavern Talent & Placements, Inc.*, No. 84 Civ. 401, 1986 WL 32746, at *4-5 (D. Colo. Jan. 8, 1986) (holding that night club operators employed dancers and violated their rights as tipped employees); *Chaves v. King Arthur's Lounge*, No. 07-2505, 2009 WL 3188948, at *1 (Mass. Super. July 30, 2009) (holding defendant bar/lounge misclassified exotic dancers as independent contractors under Massachusetts law); *Smith v. Tyad, Inc.*, 209 P.3d 228, 231-34 (Mont. 2009) (upholding state wage enforcement agency's finding that exotic dancers are employees and upholding agency's authority to deem deduction of "stage fees" unlawful requiring reimbursement).

5. In fact, on September 10, 2013, a certified class of entertainers at a New York City adult club won summary judgment on their minimum wage and unlawful deductions claims. *See Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 Civ. 3043, 2013 WL 4822199, at *34 (S.D.N.Y. Sept. 10, 2013). The court in *Hart* found that the plaintiffs and class members were "employees" under federal and New York State wage and hour law. *Id.* at 15, 19, 34.

6. Nevertheless, the adult entertainment industry in New York City and elsewhere remains largely out of compliance with basic worker protection statutes.

7. Hustler, a popular New York City adult club, is no exception. Despite exerting significant control over entertainers, Hustler misclassifies dancers as independent contractors, and deprives them of their rights under federal and New York State wage and hour laws, including their right to be paid minimum wages, their right to be paid overtime compensation, their right to be paid spread-of-hours pay, their right to keep customer gratuities they earn, their

right to work without paying "house fees," and their right to be reimbursed for uniform-related expenses. In fact, entertainers at Hustler do not receive any hourly wage whatsoever.

8. This lawsuit seeks to force Hustler to grant entertainers the basic rights of employees under federal and New York State law, and pay entertainers all of the wages they earn and allow them to keep all of the tips they receive, as federal and state law require.

9. Hustler is owned and operated by CMSG Restaurant Group, Anthony F. Grant, Michael A. Grant, Joseph A. Sullo, and Jason Mohney (collectively, "Defendants").

10. Hustler fails to pay entertainers the statutory minimum hourly wage, premium overtime compensation for all of the hours they work in excess of 40 hours per workweek, and spread-of-hours pay when the length of their workday is greater than 10 hours.

11. Hustler collects unlawful house fees or "rental fees" from entertainers for each shift that they work. Hustler also requires entertainers to pay additional fines if they are unable to work a scheduled shift.

12. Hustler prohibits entertainers from keeping all the tips they earn by requiring entertainers to share their tips with workers who do not provide customer service, such as "House Moms," DJs, and hair and makeup artists.

13. Hustler encourages customers to tip entertainers using club scrip called "Beaver Bucks," which customers purchase from the club, to use instead of cash. When an entertainer receives a tip from a customer in club scrip, Hustler deducts and retains a portion of the tip when the entertainer exchanges the club scrip for cash. Consequently, customers who believe they are tipping entertainers a certain amount are actually tipping them less.

14. Hustler requires entertainers to purchase club-approved uniforms, often directly from Hustler, and does not reimburse them for the cost of the uniforms or for their maintenance

and upkeep.

15. Plaintiff brings this action on behalf of herself and all similarly situated current and former entertainers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective-action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

16. Plaintiff also brings this action on behalf of herself and all similarly situated current and former entertainers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

17. Plaintiff Iolanda Rodriguez is an adult individual who is a resident of Staten Island, New York.

18. Plaintiff has been employed by Defendants as an entertainer at Hustler from in or around 2011 to approximately the fall of 2014.

19. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

20. Defendants employed Plaintiff and similarly situated employees at all times relevant.

21. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

22. At all relevant times, Defendants exercised operational control over the management of Hustler, including, but not limited to, control over: compensation of workers' food, drink and entertainment quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; architectural and interior design; sound, light and video design; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers' and inventory controls.

**CMSG Restaurant Group**

23. CMSG Restaurant Group, LLC d/b/a Larry Flynt's Hustler Club ("CMSG") is a foreign limited liability corporation organized and existing under the laws of Nevada.

24. Upon information and belief, CMSG's principal executive office is located at 111 Eighth Avenue, New York, NY 10011.

25. CMSG is the "Premises Name" that appears on the New York State Liquor Authority license for the premises doing business as "LARRY FLYNT HUSTLER CLUB," located at "639 641 W 51ST STREET" in "NEW YORK, NY 10019."

26. CMSG is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

27. At all relevant times, CMSG has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

28. CMSG applies the same employment policies, practices, and procedures to all entertainers, including policies, practices and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, customer tips, and uniform-related expenses,

and the making of unlawful deductions.

29. Upon information and belief, at all relevant times, CMSG's annual gross volume of sales made or business done was not less than $500,000.00.

**Anthony F. Grant**

30. Anthony F. Grant is one of the owners of Hustler.

31. Anthony F. Grant is identified by the New York State Liquor License Authority as a "Principal" for the premises doing business as "LARRY FLYNTS HUSTLER CLUB" located at "639 641 W 51st ST" in "NEW YORK, NY 10019."

32. At all relevant times, Anthony F. Grant has had the power over personnel decisions at Hustler, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

33. At all relevant times, Anthony F. Grant has had power over payroll decisions at Hustler, including the power to retain time and/or wage records.

34. At all relevant times, Anthony F. Grant has been actively involved in managing Hustler's day-to-day operations.

35. At all relevant times, Anthony F. Grant has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

36. At all relevant times, Anthony F. Grant has had the power to enter into contracts on Hustler's behalf.

37. Anthony F. Grant is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Michael A. Grant**

38. Michael A. Grant is one of the owners of Hustler.

39. Michael A. Grant is identified by the New York State Liquor License Authority as a "Principal" for the premises doing business as "LARRY FLYNTS HUSTLER CLUB" located at "639 641 W 51st ST" in "NEW YORK, NY 10019."

40. At all relevant times, Michael A. Grant has had the power over personnel decisions at Hustler, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

41. At all relevant times, Michael A. Grant has had power over payroll decisions at Hustler, including the power to retain time and/or wage records.

42. At all relevant times, Michael A. Grant has been actively involved in managing Hustler's day-to-day operations.

43. At all relevant times, Michael A. Grant has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

44. At all relevant times, Michael A. Grant has had the power to enter into contracts on Hustler's behalf.

45. Michael A. Grant is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Joseph A. Sullo**

46. Joseph A. Sullo is one of the owners of Hustler.

47. Joseph A. Sullo is identified by the New York State Liquor License Authority as a "Principal" for the premises doing business as "LARRY FLYNTS HUSTLER CLUB" located at

"639 641 W 51st ST" in "NEW YORK, NY 10019."

48. At all relevant times, Joseph A. Sullo has had the power over personnel decisions at Hustler, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

49. At all relevant times, Joseph A. Sullo has had power over payroll decisions at Hustler, including the power to retain time and/or wage records.

50. At all relevant times, Joseph A. Sullo has been actively involved in managing Hustler's day-to-day operations.

51. At all relevant times, Joseph A. Sullo has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

52. At all relevant times, Joseph A. Sullo has had the power to enter into contracts on Hustler's behalf.

53. Joseph A. Sullo is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Jason Mohney**

54. Upon information and belief, Jason Mohney is a resident of the State of Nevada.

55. Jason Mohney is one of the owners of Hustler.

56. Jason Mohney is identified by the New York State Liquor License Authority as a "Principal" for the premises doing business as "LARRY FLYNTS HUSTLER CLUB" located at "639 641 W 51st ST" in "NEW YORK, NY 10019."

57. At all relevant times, Jason Mohney has had the power over personnel decisions at Hustler, including the power to hire and fire employees, set their wages, and otherwise control

the terms and conditions of their employment.

58. At all relevant times, Jason Mohney has had power over payroll decisions at Hustler, including the power to retain time and/or wage records.

59. At all relevant times, Jason Mohney has been actively involved in managing Hustler's day-to-day operations.

60. At all relevant times, Jason Mohney has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

61. At all relevant times, Jason Mohney has had the power to enter into contracts on Hustler's behalf.

62. Jason Mohney is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

63. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

64. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

65. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

66. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as entertainers at Hustler in New York, and who elect to opt-in to this action (the “FLSA Collective”).

68. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective.

69. Consistent with Defendants’ policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked or the appropriate premium overtime for all hours worked beyond 40 per workweek.

70. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

71. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and

(b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

72. Defendants’ unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiff and the FLSA Collective as independent contractors, and failing to properly compensate Plaintiff and the FLSA

Collective for the hours they work.

73. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked.

74. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

75. Plaintiff and the FLSA Collective perform or performed the same primary duties.

76. Defendants' unlawful conduct has been widespread, repeated, and consistent.

77. There are many similarly situated current and former entertainers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

78. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

79. Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eight, Ninth and Tenth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as entertainers (dancers) at Hustler in New York between February 18, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

80. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

81. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

82. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

83. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

84. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b) whether Defendants misclassified Plaintiff and the Rule 23 Class as independent contractors rather than employees;

(c) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(d) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(e) whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(f) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be

gratuities for Plaintiff and the Rule 23 Class;

(g) whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(h) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, including, but not limited to, deductions for house fees, late fees, missed work fees, club scrip cash out fees, and mandatory tip outs, in violation of the NYLL;

(i) whether Defendants failed to reimburse Plaintiff and the Rule 23 Class for uniform-related expenses in violation of the NYLL;

(j) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(k) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with wage notices, as required by the NYLL;

(l) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL;

(m) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(n) the nature and extent of class-wide injury and the measure of damages for those injuries.

85. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as entertainers at Hustler in New York. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid spread-of-hours pay, to retain customer tips, not to have unlawful deductions made from their wages, and to be reimbursed for uniform-related expenses. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have

been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

86. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interest over the class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

87. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative

litigation that might result in inconsistent judgments about Defendants' practices.

88. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**CLASS-WIDE FACTUAL ALLEGATIONS**

89. Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendants that have violated their rights under the FLSA and the NYLL by denying them a minimum wage, proper overtime compensation, and tips that they earned.

90. At all times, Defendants' unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

**Wage and Hour Violations**

91. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following:

(a) failing to pay Plaintiff and Class Members at least the applicable minimum hourly wage rate free and clear under the FLSA and the NYLL for all hours worked;

(b) failing to pay Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

(c) failing to pay Plaintiff and Class Members spread-of hours pay for shifts worked of 10 hours or more;

(d) unlawfully demanding, retaining, and receiving portions of the tips that Plaintiff and Class Members earned;

(e) requiring Plaintiff and the Class Members to share their tips with management, agents of management, and/or other employees who are

not busboys or similar employees, and/or who are not in customarily tipped positions, and/or who have no, or virtually no, customer service duties;

(f) refusing to exchange Dance Dollars that customers used to tip Plaintiff and Class Members for cash;

(g) making deductions from Plaintiff's and Class Members' wages, including but not limited to, deductions for house fees, late fees, missed work fees, club scrip cash-out fees, and mandatory tip outs;

(h) failing to reimburse Plaintiff and Class Members for their uniform expenses, including the cost of laundering and maintaining their uniforms;

(i) failing to pay Plaintiff and the Class Members the NYLL statutory rate for laundering and maintenance of their uniforms;

(j) failing to keep accurate and adequate records of tips and wages paid to Plaintiff and Class Members, deductions taken from their tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff and Class Members as required by the FLSA and the NYLL; and

(k) failing to comply with the posting and/or notice requirements of the FLSA and the NYLL.

92. Upon information and belief, Defendants' unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

93. Defendants' unlawful conduct has been widespread, repeated, and consistent.

94. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and Class Members. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the law with respect to the compensation of Plaintiff and Class Members.

95. Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S. C. § 255.

96. Defendants' deceptive conduct- including, but not limited to, taking steps to lead Plaintiff and Class Members to believe that they were independent contractors and not employees - prevented Plaintiff and Class Members from discovering or asserting their claims any earlier than they did.

**Supervision and Control of Plaintiff and Class Members**

97. Defendants have had the power to hire and fire Plaintiff and Class Members.

98. Defendants have supervised and controlled Plaintiff and Class Members' schedules and conditions of work.

99. Defendants have implemented rules that governed Plaintiff and Class Members' working conditions.

100. Among other things, Defendants have required Plaintiff and Class Members to:

(a) work a minimum of four shifts per week;

(b) work on certain days of the weeks and at certain times according to a schedule set by Hustler;

(c) pay a fee/fine if they arrive late to work or do not work a scheduled shift;

(d) purchase uniforms approved by Hustler, often directly from Hustler;

(e) wear certain types of uniforms for day shifts and night shifts;

(f) share tips with other employees; such as House Moms, DJs, and hair and makeup artists;

(g) pay house fees; and

(h) pay a cash out fee to exchange club scrip for cash.

101. Defendants determined the rate and method of payment of Plaintiff and Class Members, including but not limited to the percentage of tips that Hustler would retain and the

fact that Plaintiff and Class Members would not receive any minimum wages.

102. Defendants maintained employment records for Plaintiff and Class Members.

## PLAINTIFF'S FACTUAL ALLEGATIONS

103. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff individually, as follows:

104. Defendants did not pay Plaintiff the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

105. Defendants suffered or permitted Plaintiff to work over 40 hours per week as an entertainer. During such workweeks, Defendants did not compensate Plaintiff at time and one-half the full minimum wage rate for all overtime hours she worked.

106. Defendants did not pay Plaintiff an additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off-duty – was greater than 10 hours.

107. Defendants did not allow Plaintiff to retain all of the tips she earned.

108. Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Plaintiff earned.

109. Defendants unlawfully redistributed part of Plaintiff's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, such as "House Moms," DJs, and hair and makeup artists.

110. Defendants made unlawful deductions from Plaintiff's wages, including, but not limited to, deductions for house fees, late fines, missed work fines, club scrip cash-out fees, and

mandatory tip-outs.

111. Defendants required Plaintiff to purchase and wear a uniform that: (a) may not be worn as part of Plaintiff's ordinary wardrobe; (b) is not made of "wash and wear" materials; (c) cannot be routinely washed and dried with other personal garments; and (d) requires ironing, dry cleaning, daily washing, and/or other special treatment. Defendants did not launder and/or maintain Plaintiff's mandatory uniform, pay Plaintiff the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse Plaintiff for uniform-related expenses.

112. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiff.

113. Defendants failed to furnish Plaintiff with annual wage notices.

114. Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, rates paid, and gross wages.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act- Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

115. Plaintiff realleges and incorporates by reference all allegations in all preceding Paragraphs.

116. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

117. At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C.

§§ 201 *et seq.*

118. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

119. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of29 U.S.C. §§ 201 *et seq.*

120. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

121. Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

122. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

123. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

124. As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

125. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

127. Defendants have failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

128. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

129. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

130. As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

131. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

132. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

133. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

134. At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

135. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

136. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

137. Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from September 17, 2007 to July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 to December 30, 2013; (c) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; and (d) $8.75 per hour for all hours worked from December 31, 2014 to the

present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

138. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

139. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

140. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

141. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

142. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

143. Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

144. Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New

York State Department of Labor Regulations.

145. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

146. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

147. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

148. Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

149. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law –Tip Misappropriation**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

150. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

151. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

152. At all times relevant, each Defendants have been employers within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

153. The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

154. Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

155. Defendants have unlawfully retained part of the gratuities earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

156. Defendants have required Plaintiff and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

157. Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities received by Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

158. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Deductions from Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

159. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

160. Defendants have made unlawful deductions from the wages of Plaintiff and the members of the Rule 23 Class, including, but not limited to, deductions for house fees, fines, club scrip cash out fees, and mandatory tip outs.

161. The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been authorized or required by law.

162. The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been expressly authorized in writing by Plaintiff and the members of the Rule 23 Class, and have not been for the benefit of Plaintiff and the members of the Rule 23 Class.

163. Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

164. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**<u>EIGHTH CAUSE OF ACTION</u>**
**New York Labor Law – Uniform Violations**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

165. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

166. Defendants have required Plaintiff and the members of the Rule 23 Class to purchase and wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiff and the members of the Rule 23 Class, and that may not be worn as part of Plaintiff's and the members of the Rule 23 Class's ordinary wardrobe.

167. Defendants have failed to reimburse Plaintiff and the members of the Rule 23 Class for the costs of purchasing mandatory uniforms.

168. Defendants have failed to launder and/or maintain mandatory uniforms for Plaintiff and the members of the Rule 23 Class, and have failed to pay Plaintiff and the members of the Rule 23 Class the required weekly amount for uniform maintenance in addition to the required minimum wage.

169. Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the members of the Rule 23 Class for mandatory uniform-related expenses, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

170. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

171. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

172. Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

173. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

174. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs,

and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**TENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Wage Statements**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

175. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

176. Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

177. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

178. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all entertainers (dancers) who are presently working, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Cheetahs. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as the representative of the Rule 23 Class and counsel of record as Class Counsel;

E. Payment of a reasonable service award to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class, and the risks she has taken on behalf of the FLSA Collective and Rule 23 Class;

F. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G. Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated

gratuities, unlawful deductions, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I. Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J. Prejudgment and post-judgment interest;

K. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L. Reasonable attorneys' fees and costs of the action; and

M. Such other relief as this Court shall deem just and proper.

Dated: February 18, 2015
New York, New York

Respectfully submitted,

Deirdre Aaron

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
Olivia J. Quinto
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

***Attorneys for Plaintiff and the Putative Class and Collective***